United States District Court
Southern District of Texas
**ENTERED**
May 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Kamilah Johnson, individually | § | |
| and on behalf of M.J., a minor, | § | |
|  *Plaintiff,* | § | |
| | § | Civil Action H-26-2954 |
| v. | § | |
| | § | |
| Harris County, Texas, et al., | § | |
|  *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION ON**
**MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND ORDER ON MOTION TO TRANSFER VENUE**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 6. Pending before the court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, and Plaintiff's Motion to Transfer Venue, ECF No. 4. The court recommends that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, be **DENIED**. Plaintiff's Motion to Transfer Venue, ECF No. 4, is **DENIED**.[1]

### *1. Background Facts and Procedural History*

On April 13, 2026, Plaintiff Kamilah Johnson filed this civil rights action under Section 1983 in the Houston Division of the Southern District of Texas. ECF No. 1. Plaintiff's Complaint names twenty-five Defendants. *Id.* at 2–4. Four of the named defendants are entities—Harris County, Texas Department of

---

[1] A magistrate judge may order or deny transfer of a case to another district as a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A). *Mulvey v. Vertafore, Inc.*, No. 21-cv-213, 2021 WL 3089386, at *1 (N.D. Tex. Jul. 22, 2021).

Family and Protective Services, Texas Child Protective Services, and Texas Children's Hospital. *Id.* The other twenty-one defendants are individuals, who are sued in their individual or official capacities, or both. *Id.* at 7–8. They are state and county employees and officials, Plaintiff's former attorneys, physicians, social workers, guardians ad litem, and foster parents. *Id.* at 7–8. Plaintiff lists a Houston, Texas address for each of the twenty-one individual Defendants. *Id.* at 2–4.

### 2. *Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction*

On April 13, 2026, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 3. She seeks an *ex parte* temporary restraining order and preliminary injunction. The Certificate of Service attached to the Emergency Motion states that Plaintiff served a copy of the motion "upon the UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS." ECF No. 3-1 (emphasis in original). It does not appear that Plaintiff provided Defendants with notice of the Emergency Motion.

To the extent that Plaintiff is seeking an *ex parte* temporary restraining order, the court may issue such an order without notice to the Defendant only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiff did not certify, in writing, that she made any efforts to give Defendants notice of her request for a temporary restraining order. Because Plaintiff failed to comply with this requirement, the court recommends that

2

Plaintiff's request for issuance of a temporary restraining order be denied.

Additionally, as to Plaintiff's request for an *ex parte* preliminary injunction, Federal Rule of Civil Procedure 65(a)(1) instructs that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Because Plaintiff failed to comply with the notice requirements of Rule 65, the court recommends that Plaintiff's request for the issuance of a preliminary injunction be denied.

Accordingly, the court recommends that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

### 3. Plaintiff's Motion to Transfer Venue

Plaintiff filed this lawsuit in the Southern District of Texas, Houston Division, on April 13, 2026. ECF No. 1. The same day, Plaintiff filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ECF No. 4. She seeks transfer to the Western District of Texas, Austin Division. *Id.*

Plaintiff's Complaint states that a substantial part of the events giving rise to her claims occurred in Harris County. ECF No. 1 at 6. Venue is therefore proper in the Houston Division under 28 U.S.C. § 1391(b).

Where venue is proper, as it is here, the transfer of venue analysis is governed by 28 U.S.C. § 1404(a). *Atl. Marine*, 571 U.S. at 56. Section 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Under § 1404(a), the preliminary question is whether the civil action at issue "might have been brought" in the movant's proposed destination venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(a)(1). Plaintiff's Complaint lists a Texas address for each of the twenty-five Defendants. ECF No. 1 at 2–4. Plaintiff asserts that at least two Defendants are residents of the Austin Division of the Western District of Texas. ECF No. 4 at 3 ("Two central Defendants, the Texas Department of Family and Protective Services (DFPS) and the Texas Department of State Health Services, are headquartered in Austin, within the Western District of Texas."). For the purposes of this Order, the court assumes, without deciding, that each Defendant's address, as listed in Plaintiff's Complaint, correctly reflects their residency. Accordingly, Plaintiff could have filed this lawsuit in the Austin Division of the Western District of Texas.

After addressing whether the proposed destination venue is one in which the lawsuit might have been brought, the court must evaluate whether "the evidence demonstrates that the destination venue is 'clearly more convenient' than the [plaintiff's] chosen venue." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022) (quoting *Volkswagen*, 545 F.3d at 315). "[D]istrict courts have broad discretion in deciding motions to

transfer[.]" *Id.* The moving party must "clearly establish good cause for transfer based on convenience and justice" and "clearly demonstrate[] the appropriateness of transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 433, 434 (5th Cir. 2022).

Courts weigh four private-interest factors and four public-interest factors to determine if the movant has met its burden. *Def. Distributed*, 30 F.4th at 433. No single factor carries dispositive weight. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023). The four private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Def. Distributed*, 30 F.4th at 433–34. The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* at 435.

Plaintiff argues that the "interest of justice demands a change of venue." ECF No. 4 at 4. She asserts that she will not receive a fair trial in Harris County because of local prejudice and influence. *Id.* at 2. She alleges that she is the victim of a "scheme by Harris County officials," including state-court judges. *Id.* at 2–3. Plaintiff states that one named Defendant, Tonya Rolland, currently sits as a Justice on the Fourteenth Court of Appeals. *Id.* at 3. Plaintiff asserts, erroneously, that the Fourteenth Court of Appeals "directly oversees the district courts in the Houston Division." *Id.* On that basis, Plaintiff argues that litigating in Houston "creates an unavoidable conflict of interest and an appearance of impropriety that would taint any judgment." *Id.* Additionally, Plaintiff states that she has an active arrest warrant

out of Harris County. *Id.* She argues that the warrant prevents her from "safely travel[ing] to, attend[ing] hearings in, or otherwise appear[ing] at the courthouse in the Houston Division." *Id.*

Plaintiff's arguments are not compelling. The Harris County district courts, with which she takes issue, are state courts. The instant lawsuit is before the federal court. And though Plaintiff could have filed this lawsuit in the Ausitn Division of the Western District of Texas, she chose to file here, in the Houston Division of the Southern District of Texas. Plaintiff has not shown good cause under the private- and public-interest factors. Accordingly, Plaintiff's Motion to Transfer Venue, ECF No. 4, is **DENIED without prejudice**.

Signed at Houston, Texas, on May 4, 2026.

_____

Peter Bray
United States Magistrate Judge